1  STEVEN L. FRIEDLANDER (SBN 154146)
   ALLISON B. MOSER (SBN 223065)
2  SV EMPLOYMENT LAW FIRM PC
   160 Bovet Road, Suite 401
3  San Mateo, CA 94402
   Telephone: (650) 265-0222
4  Facsimile: (650) 265-0223
   Email: sfriedlander@svelf.com
5         amoser@svelf.com

6  Attorneys for Plaintiff Alexander Petersen

7  DONALD G. NORRIS (SBN 90000)
   DONALD G. NORRIS, A LAW CORP.
8  4747 Executive Drive, Suite 1000
   500 S. Grand Ave., 18th Floor
9  Los Angeles, CA 90071
   Telephone: (213) 232-0855
10 Facsimile: (213) 286-9499
   Email: dnorris@norgallaw.com

11
   THOMAS C. SEABAUGH, ESQ. (SBN 272458)
12 THE LAW OFFICE OF THOMAS C. SEABAUGH
   601 West Fifth Street, Eighth Floor
13 Los Angeles, CA 90071
   Telephone: (213) 225-5850
14 Email: tseabaugh@seabaughfirm.com

15 Attorneys for Defendant Wagly, Inc.

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ALEXANDER PETERSEN, an individual,<br><br>PLAINTIFF,<br><br>v.<br><br>WAGLY, INC., a corporation,<br><br>DEFENDANT. | Case No: 8:16-cv-01956-CJC (KES)<br><br>**AMENDED STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: August 30, 2016<br>Trial Date: None Set |

AMENDED STIPULATED PROTECTIVE ORDER

FPDOCS 32624708.1

| | |
|---|---|
| 1 | This proposed Amended Stipulated Protective Order ("Protective Order") |
| 2 | concerns the treatment of confidential information in the above captioned action |
| 3 | and is entered into between Plaintiff Alexander Petersen ("Plaintiff") and |
| 4 | Defendant Wagly, Inc., ("Defendant") (collectively, the "Parties"), by and |
| 5 | through their counsel of record, as follows: |
| 6 | WHEREAS disclosure and discovery in this action are likely to involve |
| 7 | production of confidential, proprietary, or private information for which special |
| 8 | protection from public disclosure and from use for any purpose other than |
| 9 | prosecuting this litigation may be warranted. Accordingly, the Parties hereby |
| 10 | stipulate to and petition the Court to enter the following Stipulated Protective |
| 11 | Order. The Parties acknowledge that this Order does not confer blanket |
| 12 | protections on all disclosures or responses to discovery and that the protection it |
| 13 | affords from public disclosure and use extends only to the limited information or |
| 14 | items that are entitled to confidential treatment under the applicable legal |
| 15 | principles. |
| 16 | WHEREAS, Good Cause exists because this action is likely to involve |
| 17 | trade secrets, customer pricing lists, confidential financial documents of |
| 18 | Defendant for which special protection from public disclosure and from use for |
| 19 | any purpose other than prosecution (or defense) of this action is warranted. Such |
| 20 | confidential and proprietary materials consist of confidential business practices, |
| 21 | financial information, including meeting minutes of the Board of Directors, |
| 22 | accounting procedures and other confidential research, development or |
| 23 | commercial information (including information implicating the privacy rights of |
| 24 | third parties, information not generally available to the public, or which may be |
| 25 | privileged or otherwise protected from disclosure under state or federal statutes, |
| 26 | court rules, case decisions, or common law). |
| 27 | |
| 28 | |

WHEREAS it is the intent of the Parties to establish procedures that will expedite the discovery process by limiting the necessity for objections, subsequent motions seeking to compel and/or limit discovery, and facilitate a mechanism for the disposition by the Court of any disputes that may arise in connection with discovery relating to confidential information, to adequately protect information the Parties are entitled to keep confidential, to ensure that the parties are permitted and reasonable necessary uses of such material in preparation for and in conduct of trial, to address their handling at the end of litigation, and serve the ends of justice, a protective order for such information is justified in this matter;

WHEREAS it is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential non-public manner, and there is good cause why it should not be part of the public record in this case; and

WHEREAS it is the intent of the Parties to ensure that the disclosure of any confidential information within this Action be used solely for purposes of this Action;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the Parties, subject to the approval of the Court, as follows:

**A. Designation of Confidential Materials and Persons to Whom Confidential Discovery Materials May Be Disclosed:**

1. During the course of this Action, any party may seek to have materials produced in discovery, informally, or through any other demand, including but not limited to responses to interrogatories and documents produced pursuant to requests for production of documents ("Discovery Materials"), classified as "Confidential." Any party ("Designating Party") may designate as "Confidential" any Discovery Materials if he/she/it in good faith believes that the

Discovery Material contains confidential, proprietary or private information under California or other applicable law. Discovery Materials so designated are referred to herein as "Confidential Material" or "Confidential Materials."

2. If either party serves a third party with a subpoena for the production of records, such third party may, pursuant to the terms of this Protective Order, designate documents produced pursuant to the subpoena as "Confidential" if such third party in good faith believes that the designated documents contain confidential, proprietary, or private information under California or other applicable law.

3. Each page that contains protected material will be stamped or labeled "Confidential Material" or "Confidential" by the producing party or third party. Such stamp or label shall be made on or affixed so as not to obscure or deface the material or any portion of its contents. If only a portion or portions of the material on a page qualifies for protection, the Designating Party or third party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). Should copies or duplicates be subsequently made of such Confidential Material, the "Confidential Material" or "Confidential" stamp or label shall also be made on or affixed to such copies or duplicates. All references to "Confidential Material" in this Stipulated Protective Order shall be deemed to include and apply to such copies, duplicates and/or extracts of all information derived from Confidential Material, and to Confidential Material marked as exhibits at depositions or otherwise used during the Action. Testimony generated from information designated as Confidential Material will be identified as such either by a statement on the record, before the close of the deposition, hearing, or other proceeding, or stamping or labeling as "Confidential Material" or "Confidential" documents or selected pages of documents containing such testimony.

3
AMENDED STIPULATED PROTECTIVE ORDER
FPDOCS 32624708.1

4. If any party, through inadvertence, does not designate certain Discovery Materials as Confidential Material, but thereafter determines that such Discovery Material should have been so designated, it shall provide written notice, within 30 days after determining that such Discovery Material should have been so designated, of the designation thereof as Confidential Material. To the extent practicable, such Discovery Materials will be treated as Confidential Material from the date of receipt of such notice. If a party designates certain Discovery Materials as Confidential Material and later determines that such Discovery Material should not have been so designated, it shall promptly provide written notice of the removal of the designation to all other parties, along with a duplicate copy of the Discovery Materials without the "Confidential Material" or "Confidential" marking.

5. All Confidential Material and any portion thereof, including copies thereof, information contained therein and any abstracts, extracts, indices, summaries, charts, notes or other information derived therefrom, shall be deemed confidential, shall be used solely for the purposes of preparation, trial, appeals or settlement of this Action, and shall not be disclosed, given, shown, made available, discussed or otherwise communicated in any way to anyone other than: (a) the Court and Court personnel, (b) the Parties' counsel and counsel's staff, (c) court reporters and their staff, (d) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), (e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information (f) any mediator agreed to by the parties and (g) any other "Qualified Persons" which shall include only the following: (i) any expert or consultant retained by the Parties' counsel in connection with this Action, (ii) outside vendors who perform microfiching, photocopying or similar clerical functions, and (iii) any other person(s) whom the

Parties agree in writing. "Confidential Material" may not be disclosed to any other person or entity without the prior written consent of the Designating Party or further order of the Court. Any disclosure should be only to the extent reasonably necessary to the proper and lawful prosecution and defense of the Parties' claims in this Action, and for no other purpose.

**B. Conditions of Disclosure:**

1. Prior to the disclosure of Confidential Material or any information contained therein to a "Qualified Person" defined under Paragraph A(4)(g) or a witness described in Paragraph A(4)(d) above, counsel for the party making the disclosure shall secure from each such person an Acknowledgment and Agreement to be Bound ("Acknowledgment"), in the form attached hereto as Exhibit "A," that he or she has read this Stipulated Protective Order, he or she may not, and undertakes not to, divulge any Confidential Material or any information contained therein except in the preparation, trial or appeal of this Action and in accordance with the terms and conditions of this Stipulated Protective Order, and that he or she will not use the Confidential Material for any other purpose.

2. Confidential Material shall be copied only by the Parties' counsel (and their staff) in this Action (or by clerical personnel or Outside Vendors assisting such counsel) and only for purposes permitted by this Stipulated Protective Order. Counsel will maintain all signed Acknowledgments and Agreements to Be Bound (Exhibit "A").

**C. Protecting Confidential Materials at Depositions:**

1. If any Confidential Material is marked as an exhibit in a deposition, or during a hearing herein, and/or its contents are disclosed, wholly or partially, in the course of the testimony at such deposition, or hearing, counsel for the parties shall advise the court reporter taking and transcribing the testimony at such deposition or hearing of the portions of such testimony that refer to Confidential

Material, and the exhibit itself, as well as the portions of the transcript containing such disclosure, shall be marked "Confidential Material" or "Confidential" and shall be deemed Confidential Material. To this end, the court reporter shall not furnish copies thereof to anyone other than counsel of record for the Parties, and, if so requested by such counsel, the witness and/or the witness' counsel.

**D. Use of Confidential Information in Court Filings:**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a party may not file any Confidential Material in the public record in this Action. To the extent a party chooses to file material under seal that was previously designated by any party as Confidential Material, the filing party must comply with Civil Local Rule 79-5.2.2. Any document designated as Confidential Material is deemed appropriate for filing under seal only if the party intending to file it as such submits an application complying with Civil Local Rule 79-5.2.2 that is subsequently granted by the Court. The Parties agree to endeavor to minimize the number of documents filed with the Court that contain confidential information and to meet and confer in good faith regarding the manner in which they can do so (such as by redaction).

**E. Challenging a Confidential Designation:**

Pursuant to Paragraph A(1), a "Designating Party" may only designate materials which it in "good faith" believes are entitled to protection from disclosure under the law. If at any time during this litigation a party ("Objecting Party") disputes a designation of discovery material as "Confidential," the Objecting Party will notify the Designating Party in writing by facsimile or email that he/she/it disagrees with the designation. The Objecting Party shall initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq. The notice will identify the material in dispute and explain the basis for the objection. The Designating Party will have 10 calendar

days to provide a written response via facsimile or email to the objection, explaining his/her/its reason for designating the material at issue as Confidential Material. Alternatively, if the Parties agree, they may raise their designation dispute to the Court using the "Informal Telephonic Conference" procedures described on the Court's website under Judge Scott's "Procedures and Schedules".

Throughout the dispute resolution procedure in this paragraph, the Designating Party will have the burden of demonstrating that the material at issue is properly designated as confidential under California law. In the event of a dispute over the confidentiality of particular material, the Parties will continue to treat the disputed discovery material as confidential until the dispute is resolved.

**F.     Non-Party Subpoenas:**

If any party is served with a subpoena issued in other litigation that compels production or disclosure of any Confidential Material, that party (the "Subpoenaed Party") shall give written notice, as soon as practicable and in no event not more than five business days after receiving the subpoena to counsel for the Designating Party, which notice shall enclose a copy of the subpoena. The Subpoenaed Party shall not produce or disclose any of the designated documents or information for a period of ten business days, if possible without violating the subpoena, after providing such notice to the Designating Party, and in no event shall such production or disclosure be made before such notice is given. If, within ten business days of receiving such notice, the Designating Party objects to such production or disclosure through the process of a court filing, the Subpoenaed Party shall not make such production or disclosure except pursuant to a court order requiring compliance unless the Subpoenaed Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection by a Court of its confidential material. Nothing in this Order shall be construed as authorizing a party to disobey a lawful directive from another court.

**G.     No Restrictions:**

Nothing in this Stipulated Protective Order shall (1) restrict any of the Parties' rights with respect to his/her/its own documents or information, (2) restrict any of the Parties' rights with regard to Discovery Materials that have not been designated as Confidential Materials, (3) prejudice any of the Parties' rights to object to the production or disclosure of documents or other information that it considers not subject to discovery, or (4) prejudice any of the Parties' rights to seek by moving the Court, greater or lesser protection than that provided herein, or modification of the terms of this Stipulated Protective Order.

**H.     Duration of Order and Return of Confidential Materials:**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhausting of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

Within 60 days after the final disposition of this Action and notice from the Designating Party, all materials designated as Confidential Material shall be returned to the Designating Party or destroyed under supervision of counsel.  This provision shall not apply to court filings or file copies of pleadings, motion papers, trial, deposition, and hearing transcripts and exhibits thereto, legal memoranda, expert reports, attorney work product, consultant and expert work product, and briefs or correspondence maintained by the Parties' respective counsel in the ordinary course of business.

**I.     Binding Effect:**

This Stipulation shall remain in full force and effect at all times during which any party to this Stipulated Protective Order or any person having executed the acknowledgment described in Paragraph B(1) above retains in his, her, or its possession, custody or control of any Confidential Material.

**J.     Additional Parties to Lawsuit:**

In the event that other parties are added to this Action, no Confidential Material previously exchanged, produced or used herein shall be disclosed to such additional parties' counsel except upon their agreement to be bound by the provisions of this Stipulated Protective Order.

**K.     Additional Rights:**

This Stipulated Protective Order is without prejudice to the right of any party to move the Court for an order for good cause shown for protection of Confidential Material sought by or produced through discovery, which protection is different from or in addition to that provided for in this Stipulated Protective Order, and such right is expressly reserved to the parties. Similarly, each party expressly reserves the right at any time to request the Court to authorize disclosure other than contemplated hereunder of materials subject to this Stipulated Protective Order.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**L. Counterparts:**

This Stipulation may be signed in counterparts which together shall constitute one complete document, and by facsimile signatures, which shall be deemed to be originals.

**IT IS SO STIPULATED.**

Dated: January 11, 2018     The Law Offices of Thomas C. Seabaugh

By: _____*/s/ Thomas C. Seabaugh*_____
THOMAS C. SEABAUGH
Attorneys for Defendant
WAGLY, INC.

Dated: January 11, 2018     SV EMPLOYMENT LAW FIRM PC

By: _____*/s/ Allison Moser*_____
ALLISON MOSER
Attorneys for Plaintiff
ALEXANDER PETERSEN

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: 01/16/2018     _____
Hon. Karen E. Scott, Magistrate Judge

# EXHIBIT "A"

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[**full name**], of _____[**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [**date**] in the case of *Alexander Petersen v. Wagly, Inc.* Case No. 8:16-cv-01956-CJC (KES). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order even if such enforcement proceedings occur after termination of this action. I hereby appoint _____[**full name**] of _____[**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed Name: _____

Signature: _____

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Mateo, State of California. I am over the age of 18 and not a party to the within action; am employed with SV Employment Law Firm PC and my business address is 160 Bovet Road, Suite 401, San Mateo, California 94402.

On January 11, 2018 I served the foregoing document entitled **AMENDED STIPULATED PROTECTIVE ORDER** on all the appearing and/or interested parties in this action as follows:

| | |
|---|---|
| DONALD G. NORRIS (SBN 90000)<br>DONALD G. NORRIS, A LAW CORP.<br>4747 Executive Drive, Suite 1000<br>500 S. Grand Ave., 18th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 232-0855<br>Facsimile: (213) 286-9499<br>Email: dnorris@norgallaw.com | Attorneys for Defendant<br>Wagly, Inc. |
| THOMAS C. SEABAUGH, ESQ. (SBN 272458)<br>THE LAW OFFICE OF THOMAS C. SEABAUGH<br>601 West Fifth Street, Eighth Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 225-5850<br>Email: tseabaugh@seabaughfirm.com | Attorneys for Defendant<br>Wagly, Inc. |

☐ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by FAX]** - I caused the aforementioned document(s) to be telefaxed to the aforementioned facsimile number(s). *The facsimile machine I used complied with California Rules of Court, Rule 2003(3) and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2005(i), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration and/or no error was reported by the machine.*

☐ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☐ **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with Network Express, whose business address is 1533 Wilshire Boulevard, Los Angeles, CA 90017.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed January 11, 2018 at Los Angeles, California.

_____
Rita I. Chavez